(91 Misc. Rep. 114)

### PECKERMAN v. PECKERMAN.

(Supreme Court, Special Term, Kings County.　June 7, 1915.)

DIVORCE ☞238—SEPARATION—ALIMONY AND COUNSEL FEES.

　　That defendant, in a suit for separation on the ground of abandonment, was induced to marry plaintiff by his father-in-law's agreement to convey certain real estate, and that after his marriage the father-in-law failed to execute such agreement, whereupon he left his wife, does not constitute any reason why alimony and counsel fees should not be granted the wife.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 670–672, 703; Dec. Dig. ☞238.]

Action by Rose Peckerman against Samuel L. Peckerman for separation. On plaintiff's motion for allowance of alimony and counsel fees. Motion granted.

　Solomon S. Schwartz, of Brooklyn, for the motion.
　Samuel L. Peckerman, opposed.

BENEDICT, J. The defendant evidently regards his marriage contract as terminable at his will in case of failure of the financial consideration upon which it rested. Unfortunately for him, the law, upon grounds of public policy, regards marriage in a different light. In his affidavit, read in opposition to a motion for alimony and counsel fee in a suit by his wife for separation on the ground of abandonment, he says that his father-in-law, Benjamin Cohen, made an agreement with him, in writing, in October, 1912, whereby he agreed to convey to him, together with some cash, the premises No. 1420 Eastern Parkway, subject to two mortgages aggregating $10,200, upon the performance of the marriage then under contract to be performed between the plaintiff and defendant. The defendant avers that:

"Enticed by these false promises, I was induced to assume the burdens, risks, and responsibilities of married life on the 15th day of March, 1914."

When, after the marriage and the birth of issue in December of the same year, the collateral agreement still remained unexecuted, notwithstanding the defendant's urgency that his wife influence her father to make the transfer, and his threats that if she did not he would leave

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

her, he finally abandoned her, failing to contribute to her support, and only contributed to the support of their child when required by law so to do. He now seeks to lay the blame for his abandonment upon the undesired visits of his wife's parents and relations, and says that "the only way to retain my self-respect was to leave the house." Undoubtedly, from a financial standpoint, the defendant is justified in feeling aggrieved, and as a mercenary one seems to have been the only object which he had in mind in assuming what he calls the "burdens of married life," he should have taken even greater precautions than he did to prevent the subsequent failure of consideration for his self-sacrifice upon the hymeneal altar. Perhaps, however, his state may not prove so desperate as it seems, since it appears that he has brought suit against his father-in-law upon the broken contract to convey. Meanwhile the wife who seems to have discharged at least some of the "responsibilities" and assumed some of the "burdens and risks of married life," is the helpless victim of the controversy between her father and her husband. She and her child are the only ones entitled to consideration in this wretched barter, miscalled marriage.

I shall allow her $8 a week for her own support in addition to the $3 heretofore allowed in the Magistrate's Court for the child, and also a counsel fee of $75, to be paid one-half in 10 days from service of the order hereon, the balance at the opening of the trial.